UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANNA ALGER,

                Plaintiff,

                                      DECISION AND ORDER

                                      Case No. 19-CV-6698 FPG

v.

VON MAUR, INC.,

                Defendant.

_____

## INTRODUCTION

On January 3, 2018, Plaintiff Anna Alger slipped and fell while at Defendant Von Maur's retail store located in the Eastview Mall in Victor, New York. On May 8, 2019, Plaintiff sued Defendant in the Supreme Court of the State of New York County of Ontario, alleging that she was injured due to Defendant's negligence in causing, creating, or permitting a dangerous condition within its premises. ECF No. 1 at 11.[1] On January 5, 2021, Defendant filed a motion for summary judgment arguing that no evidence has been adduced during discovery to support a finding that Defendant created the hazard or that it had actual or constructive notice of the allegedly dangerous condition. ECF No. 23. For the reasons stated below, Defendant's motion is GRANTED, and Plaintiff's Complaint is DISMISSED.

---

[1] On September 20, 2019, this case was removed to federal court on the basis of diversity jurisdiction. Plaintiff is a citizen of the State of New York. Defendant is incorporated in the State of Illinois with its principle place of business in the State of Iowa. The incident occurred in New York. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. New York law governs. *See Lee v. Bankers Trust Co*., 166 F.3d 540, 545 (2d Cir. 1999) (federal courts sitting in diversity apply choice of law rules of the forum state); *Padula v. Lilam Properties Corp*., 84 N.Y.2d 519, 521(1994) (in tort cases, such as the instant case, New York applies the law of the forum with the most at stake).

## BACKGROUND[2]

On January 3, 2019, Plaintiff Anna Alger went to Von Maur during her lunch break at work to shop.  Def. R. 56 Stmt. ¶ 4.  Plaintiff shopped frequently at Von Maur and was familiar with its layout.  *Id.* ¶ 5.  She entered the store through a parking lot entrance and headed directly to the escalator to get to the second floor where the women's department was located.  *Id.* ¶ 6.

Plaintiff stepped onto the escalator and reached the second floor without incident.  *Id.* ¶ 14. When she stepped off the escalator, she did not see any water, snow, slush, or wetness on the floor.[3]  *Id.* ¶ 15.  Plaintiff took between two and four steps and fell.  *Id.* ¶ 16.  This occurred around 1:11 p.m.  *Id.* ¶ 2.

Approximately five minutes later, Plaintiff went to the customer service area and the store manager, Leah Kohler ("Kohler"), prepared an accident report.  *Id.* ¶ 17.  About five minutes after completing the report, Kohler went to the scene of the alleged incident and took two photographs of the area.  *Id.* ¶ 18-19.  In neither photograph is any water or snow visible.  *Id.* ¶ 19.

Additionally, that day, there were carpets and runners placed at the entrance of Von Maur. *Id.*  ¶ 7.  These are used as a matter of course between Thanksgiving and April due to the possible weather.  *Id.* ¶ 8.  Likewise, there were wet floor signs placed in five areas throughout Von Maur. *Id.*  ¶ 9.  These are also used as a matter of course between Thanksgiving and April due to the possible weather, regardless of the weather on any specific day.  *Id.* ¶ 9-10.

Plaintiff asserts that she suffered injury to her shoulder as a result of this incident.

---

[2] Unless otherwise indicated, the facts set forth are not in dispute.

[3] There was a winter storm the day prior to Plaintiff's incident.  *Id.* ¶ 11.  According to Plaintiff, there was snow and slush in the parking lot outside Von Maur.  *Id.* ¶ 12.

**LEGAL STANDARD**

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). While the court must view the inferences to be drawn from the facts in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).

The non-moving party may defeat a summary judgment motion by making a showing sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, "mere conclusory allegations or denials" are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).

**DISCUSSION**

## I.   Defendant's Motion for Summary Judgment

Defendant moves to dismiss Plaintiff's claim on the basis that there is no evidence that Defendant created or had actual or constructive notice of a hazardous condition that it failed to correct. *See generally* ECF No. 23. Specifically, Defendant asserts that there is no evidence that a wet spot—which Plaintiff believes to be the cause of her fall based on her skirt being wet when she stood up—was visible, apparent, or even present before Plaintiff's fall. Moreover, Defendant

asserts that there is no evidence that such an alleged hazard existed for a sufficient length of time prior to the accident such that the Defendant's employees should have had an opportunity to discover and remedy it.

## II.    Applicable Law

To establish a *prima facie* negligence claim under New York law, "a plaintiff must show '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty, and (3) injury to the plaintiff as a result thereof.'" *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 758 F.3d 202, 210 (2d Cir. 2014) (quoting *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 428 (2d Cir. 2013)) (additional citation omitted).  To show a breach of defendant's duty of care in a slip and fall case, a plaintiff must demonstrate that the defendant created the dangerous condition or that the defendant had actual or constructive notice of the dangerous condition.  *Feis v. United States*, 484 Fed. App'x 625, 628 (2d Cir. 2012) (citing *Bykofsky v. Waldbaum's Supermarkets, Inc.*, 619 N.Y.S.2d 760, 761 (N.Y. App. Div. 1994)).

To demonstrate actual notice, a plaintiff must "prove that the defendant[] w[as], in fact, aware of the dangerous condition."  *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y. 1998).  A defendant who has actual notice of a condition is entitled to a reasonable opportunity to correct it.  Similarly, to constitute constructive notice, "'a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.'"  *Gonzalez v. Wal-Mart Stores Inc.*, 299 F. Supp. 2d 188, 192-93 (S.D.N.Y. 2004) (quoting *Gordon v. Am. Museum of Natural History*, 492 N.E.2d 774, 775 (N.Y. 1986)).

III.    **Analysis**

   **A.  Creation of the Condition and Actual Notice**

Plaintiff argues that Defendant has "not submitted any proof" that no employees of Defendant observed the area where Plaintiff fell before the incident, nor did Defendant offer proof that it did not receive any complaints about an allegedly wet floor before Plaintiff fell.  ECF No. 25-11 at 8 (relying on *Lewis v. Carrols, LLC*, 70 N.Y.S.3d 319, 320-21 (N.Y. App. Div. 2018)). Moreover, Plaintiff asserts that the testimony of Kohler that employees placed wet floor signs throughout the store on the day of Plaintiff's fall due to inclement weather, and that the cleaning machine did not cause the floor to be wet, demonstrates that Defendant had actual notice of the alleged wet floor at the top of the escalator prior to Plaintiff's fall.  *Id.* at 8-9.

As an initial matter, this is not the proper standard on summary judgment in a federal proceeding.  While New York's summary judgment standard indeed requires the moving party to put forth evidence in support of its motion, the federal standard does not.  *Casierra v. Target Corp.*, 09-CV-1301, 2010 WL 2793778, at *1 n.1 (E.D.N.Y. July 12, 2010) (citing N.Y.C.P.L.R. 3212(b)).  Under the federal summary judgment standard, Defendant is not required to put forth evidence demonstrating its lack of actual notice or its lack of constructive notice; rather, Defendant must simply show that Plaintiff will not be able to prove at trial that Defendant had either actual or constructive notice based on the evidence in the record.  *Strass v. Costco Wholesale Corp.*, No. 14-CV-06924, 2016 WL 3448578, at *3 (E.D.N.Y. June 17, 2016).  This standard controls because "what burdens each party bears on summary judgment is a procedural rather than substantive matter."  *DeAngelis v. Am. Airlines, Inc.*, 06-CV-1967, 2010 WL 1292349, at *3 n.2 (E.D.N.Y. Mar. 31, 2010) (citations and quotations omitted).

Therefore, since Defendant is able to establish Plaintiff's inability to prove at trial that Defendant created or had actual or constructive notice of the allegedly dangerous condition, Defendant has met its burden.  On the contrary, "Plaintiff's burden at this stage of the proceedings is not merely to proffer a plausible theory, but to present evidence from which a reasonable jury could draw the inference that Defendant created [or had actual notice of] the hazardous condition." *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 319 (E.D.N.Y. 2014) (citing *Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 Fed. App'x 11, 13 (2d Cir. 2008) (noting that "in cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim," and holding that "the district court did not err in relying on [the plaintiff's] failure to adduce evidence regarding the elements of his [negligence] claim in granting" summary judgment, as "there is no evidence that the [defendant] created the wet floor condition that caused [the plaintiff's] fall.") (citations omitted)).

Plaintiff has failed to raise a triable issue of fact concerning whether Defendant created or had actual knowledge of the allegedly wet floor.  There is no indication that an employee created the hazard or observed the wet floor prior to the incident.  Nor is there any proof or indication that another customer complained of a wet spot in the area prior to Plaintiff's fall or that an employee observed any wet spot prior to Plaintiff's fall.  Indeed, Plaintiff testified that even she did not see any wet spot prior to falling.  Pl. Depo. Tr. at 49.  Accordingly, Plaintiff has failed to raise any evidence of Defendant's actual notice.  *See Buskey v. Boston Market Corp.*, No. 04 CV 2193, 2006 WL 2527826, at *6 (E.D.N.Y. Aug. 14, 2006) (actual notice is not established where the defendant neither observed nor received reports about a dangerous condition); *Quarles*, 997 F. Supp. at 332

("There is no evidence suggesting that [defendant], or its employees, were aware of the [dangerous condition], and therefore the defendant [] did not have actual notice of the condition.").

Furthermore, Plaintiff's theory that the wet floor signs, along with Defendant's acknowledgment that the cleaning did not make the floor wet, demonstrate a more general awareness by Defendant that floors may become wet due to the weather conditions existing on a particular day. This is simply insufficient to establish actual notice. *See Rivera v. Target Dep't Store, Inc.*, No. 15 Civ. 7846, 2017 WL 2709745, at *5 (S.D.N.Y. June 22, 2017) ("[C]ourts applying New York law have rejected allegations of actual notice where [a] defendant has presented evidence that, before the accident, [its] employees who were responsible for the area were unaware of the alleged condition and had not received complaints about the area.") (collecting cases); *see also Bogery v. United States*, No. 17-CV-6996, 2018 WL 4265901, at *4 (S.D.N.Y. Sept. 6, 2018) (finding there was no evidence of actual notice to allow plaintiff to proceed past summary judgment where, although an employee placed a wet floor sign near the area of the alleged puddle, there was no evidence that the employee did so due to receiving a complaint or because he or she saw the puddle and it was a mere matter of procedure to place the signs in the area during inclement weather). There is no evidence in the record that Defendant actually knew about the alleged wet spot by virtue of creating it, receiving complaints about it, or seeing it. Therefore, Plaintiff has not raised any issue of material fact to overcome summary judgment on the issue.

## B. Constructive Notice

Plaintiff further argues that Defendant is not entitled to summary judgment because it failed to meet its burden that it lacked constructive notice.[4] ECF No. 25-11 at 9. Plaintiff continues that

---

[4] As set forth above, this is not the applicable standard.

there is "no proof in the record as to when defendant last inspected and cleaned the area where plaintiff fell." *Id.* Additionally, Plaintiff contends that the following evidence supports a finding that there is a triable issue of constructive notice here: (1) an unnamed witness pointed out the water to a store manager after Plaintiff's fall; (2) a wet floor sign was moved to where the alleged water was; (3) Plaintiff's skirt was wet after her fall; and (4) the accident report indicated the presence of water. *Id.* at 9-10. The Court does not agree.

In order for Defendant to be deemed to have constructive notice of the danger, the condition which caused the fall must be: (1) visible and apparent and (2) have existed for enough time prior to the incident for the Defendant's employees to have discovered and remedied it. *Tuthill v. United States*, 270 F. Supp. 2d 395, 400 (S.D.N.Y. 2003). Plaintiff claims that there is an issue of fact as to how the floor became wet and whether Defendant had constructive notice.

However, Plaintiff is unable to cite to any evidence that there was water on the floor in the area prior to her fall. Indeed, Plaintiff's proffer provides only evidence of a presence of water or wetness *after* Plaintiff's fall. It is clear that constructive notice requires the condition to be visible, apparent, and in existence for a sufficient length of time *prior* to the incident, such that Defendant had an opportunity to discover and remedy it before Plaintiff's accident. *See Gonzalez*, 299 F. Supp. 2d at 192-93; *see also Henry v. Target Corp.*, No. 16-CV-8416, 2018 WL 3559084, at *5 (S.D.N.Y. July 24, 2018) ("[T]he legally meaningful time to notice a defective condition is *before* an accident, not after.") (emphasis in original). Plaintiff does not, and seemingly cannot, point to anything in the record which shows that Defendant had any indication of a wet spot prior to the accident. The fact that a witness allegedly informed a store employee of the wet spot after Plaintiff's fall and that her skirt was wet after falling, is insufficient to raise a question of material fact as to Defendant's constructive notice of the condition prior to the incident. *See Melanson-*

*Olimpio v. Wal-Mart Stores East, LP*, No. 16 Civ. 8735, 2019 WL 1060625, at \*4-5 (S.D.N.Y. Mar. 6, 2019) (insufficient grounds to raise question of material fact concerning defendant's constructive notice where the plaintiff presented evidence that she observed the condition only after her fall, that witnesses observed the condition only after the fall, and it was raining outside).

Additionally, Plaintiff's claim that this case is similar to *Rodrigues v. Lesser*, 24 N.Y.S.3d 816 (N.Y. App. Div. 2016), and Defendant's motion should therefore be denied, is misplaced. *Rodrigues* involved a negligence suit for damages allegedly sustained due to lead paint in an apartment building. *See generally, id.* The New York Appellate Division Fourth Department held that summary judgment was improper because plaintiffs raised a triable issue of fact—namely, that defendant acknowledged that: (1) she was aware that the residence was constructed before lead-based paint was banned; (2) she received a letter from the county indicating the presence of lead paint in the apartment; (3) she knew young children lived in the apartment; and (4) she was aware of peeling and chipping paint in the apartment—from which the jury could infer that defendant was on constructive notice of the danger with sufficient time to remedy it. *Id.* at 818-19. This is contrary to the evidence presented by Plaintiff here.

While it is true that Defendant placed wet floor signs throughout the store and this demonstrates its general awareness that floors may become wet during inclement weather, as stated previously, that is not enough to establish or raise a question for the jury of notice. *E.g.*, *Bogery*, 2018 WL 4265901, at \*4. Moreover, unlike in *Rodrigues*, where the defendant was arguably made aware of the peeling and chipping paint based on plaintiff's deposition testimony that she complained to defendant of such issues and the letter sent by the county indicating a presence of lead paint in the building, there is no similar testimony or evidence here to suggest that Defendant had any indication of an alleged wet spot at the top of the escalator prior to the incident.

Because there is no evidence from which reasonable factfinders could determine the condition was visible and apparent prior to the incident, it follows that they also could not determine that there was sufficient time for Defendant's employees to have discovered and remedied the condition. *See, e.g. Melanson-Olimpio*, 2019 WL 1060625 at *6. Even assuming the condition was visible and apparent, there is no evidence to show how long there was liquid on the floor before Plaintiff fell. As Plaintiff even testified, she did not see the liquid immediately before the fall. Pl. Depo. Tr. at 49; *see Lionel*, 44 F. Supp 3d at 323 (granting summary judgment for defendant because there was "no evidence establishing a time frame for how long the [dangerous condition] could have been on the floor").

Thus, even construing all evidence in a light most favorable to Plaintiff, the evidence demonstrates, at best, that Defendant was generally aware of the weather conditions on the day the incident occurred and therefore took measures such as placing carpets and signs in various areas to mitigate risk to its customers. There is no evidence that, prior to Plaintiff's accident, Defendant or any employees saw, or were made aware of, the condition in the specific location at which Plaintiff was injured. While the evidence shows that Plaintiff likely slipped on some substance— considering her ultimate fall, her wet skirt when she stood up, and the statement of the witness that a sign should be moved to warn of a spill—there is nothing from which this Court may infer that Defendant was aware of the condition prior to the accident, nor that Defendant was aware of the condition with sufficient time to remedy the condition as is required to find constructive notice. As such, Defendant is entitled to judgment as a matter of law.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment, ECF No. 23, is GRANTED.   Plaintiff's Complaint is DISMISSED with prejudice.   The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 17, 2021
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court